UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES PARTRIDGE,<br><br>　　　　　　　　　　Plaintiff<br><br>　v.<br><br>JAMES DZURENDA et al.,<br><br>　　　　　　　　　　Defendants | Case No.  2:19-cv-01355-RFB-VCF<br><br>SCREENING ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an Application to Proceed *In Forma Pauperis*. (ECF Nos. 1, 1-1). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and courts apply the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999) (citation omitted). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). See also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants NDOC Director James Dzurenda, Warden Brian Williams Sr., Romeo Aranas, and John/Jane Does. (Id. at 2-5). Plaintiff alleges three counts and seeks monetary damages. (Id. at 8, 11).

The complaint alleges the following: Plaintiff's big toenails on both feet were growing in the wrong direction toward and into the next toe causing severe pain. (Id. at 5). Plaintiff's toenails were really thick which made cutting and trimming the toenails impossible. (Id.) The only way to fix the problem was to remove the toenails. (Id.) However, the medical department refused "any and all treatment of the problem." (Id.)

Plaintiff waited 20 months for treatment and pain medication. (Id. at 7). Medical personnel only gave Plaintiff two band aids to prevent his toenails from digging into the neighboring toes. (Id.) The band aids did not help. (Id.) Defendants denied Plaintiff treatment either in the medical department or through the grievance process. (Id.) Plaintiff was in "horrible excruciating pain." (Id.) Although medical removed both of Plaintiff's toenails in December 2018, the toenails were growing back incorrectly and needed to be removed again. (Id.)

Plaintiff received medication and saw a medical provider every day due to a pinched nerve in his neck. (Id. at 8). Every day, Plaintiff asked for pain medication and

when his toenails would be removed. (Id.) Every day, prison officials denied Plaintiff pain medication, and nobody answered Plaintiff about his toenails. (Id.)

Plaintiff alleges three claims of Eighth Amendment violations. (Id. at 6-8.) The Court interprets the allegations as one claim for Eighth Amendment deliberate indifference to serious medical needs.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal citation omitted). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citation omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations and citation omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (citing Estelle, 429 U.S. at 106) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to allege a colorable claim for deliberate indifference to serious medical needs at this time, but grants Plaintiff leave to amend. The Court finds that Plaintiff simply lumps all defendants together and does not allege what each specific defendant did to violate his rights. The Court notes that a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Additionally, although Plaintiff alleges that defendants denied him treatment, it is unclear to the Court what defendants said to Plaintiff about his toenails. See Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) (citation omitted) (holding that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim"). Overall, if Plaintiff chooses to amend, he should follow the directions in the form complaint and "describe exactly what each specific defendant (by name) did to violate [his] rights." Plaintiff should make more allegations regarding the dates he visited with medical and the conversations that he had with specific defendants about his toenails. Although the Court recognizes the use of Doe pleading, Plaintiff cannot simply lump all defendants together as "Does." The Court dismisses the complaint without prejudice with leave to amend.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). See also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this

Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies as outlined in this order, Plaintiff should file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this case with prejudice for failure to state a claim.

**III.    CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the Application to Proceed *In Forma Pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of Court file the complaint (ECF No. 1-1) and will send Plaintiff a courtesy copy of the complaint.

It is further ordered that the complaint (ECF No. 1-1) is dismissed in its entirety, without prejudice, with leave to amend for failure to state a claim.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///

///

///

///

///

///

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS 20th day of July, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE