UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES PARTRIDGE,

                      Plaintiff,

    v.

JAMES DZURENDA, *et al.*,

                      Defendants.

Case No. 2:19-cv-01355-RFB-VCF

SCREENING ORDER ON
FIRST AMENDED COMPLAINT
(ECF No. 6)

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983, and has filed two applications to proceed *in forma pauperis*. (ECF Nos. 1, 5, 6). The Court denies the earlier filed application to proceed *in forma pauperis* (ECF No. 1) as moot and will temporarily defer a decision on the later filed application (ECF No. 5). The Court now screens Plaintiff's FAC under 28 U.S.C. § 1915A.

I.    **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

1   the framework of a complaint, they must be supported with factual allegations." Id. "When

2   there are well-pleaded factual allegations, a court should assume their veracity and then

3   determine whether they plausibly give rise to an entitlement to relief." Id. "Determining

4   whether a complaint states a plausible claim for relief . . . [is] a context-specific task that

5   requires the reviewing court to draw on its judicial experience and common sense." Id.

6       Finally, all or part of a complaint filed by an incarcerated person may therefore be

7   dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.

8   This includes claims based on legal conclusions that are untenable (e.g., claims against

9   defendants who are immune from suit or claims of infringement of a legal interest which

10  clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

11  fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989);

12  see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

13  **II.    SCREENING OF FAC**

14      In the FAC, Plaintiff sues multiple defendants for events that took place while

15  Plaintiff was incarcerated at High Desert State Prison ("HDSP").  ECF No. 6 at 1.  Plaintiff

16  sues Defendants Medical Director Michael Minev, Director of Nursing B. Faulkner, Dr.

17  Hanf, A. Buen, Jane Doe (registered nurse), Jane Doe (licensed practical nurse), Dr.

18  Martin, and Dr. Bryant.   Id. at 2-4.   Plaintiff brings one claim and seeks monetary

19  damages.  Id. at 5, 11.

20      The FAC alleges the following:  Between January and March 2016, Plaintiff's big

21  toenails on both feet started to grow in the wrong direction.  Id. at 5.  Specifically, the right

22  toenail grew to the right, cut into his second toe, and caused his second toe to bleed.  Id.

23  The nurse gave Plaintiff a band aid to prevent his toenail from cutting even worse into his

24  second toe.  Id.  This same issue happened to Plaintiff's left toenail.  Id.  A nurse gave

25  Plaintiff a band aid for his left toenail.  Id.

26      On May 17, 2017, Plaintiff wrote a medical kite asking for his big toenails to be

27  removed or to have the toenails trimmed.  Id.  The medical staff scheduled Plaintiff for a

28  "sick call" and he saw someone two months later.  Id.  In July 2017, Plaintiff saw a nurse

1    who told Plaintiff that neither toenail could be trimmed due to the thickness and curvature

2    of the nails.  Id.  The nurse advised Plaintiff that both toenails needed to be surgically

3    removed and scheduled Plaintiff for toenail removal with a doctor.  Id.

4    On November 17, 2017, Plaintiff filed an emergency medical kite asking why his

5    two toenails had not been removed and explaining that they were causing him extreme

6    pain.  Id.  In response, registered nurse Nick wrote back that Plaintiff was on the

7    procedures list.  Id.

8    On September 11, 2018, Plaintiff saw Doe doctor.  Id.  Doe doctor saw the

9    curvature and thickness of the toenails and saw that the toenails were black and blue.  Id.

10   at 6.  Doe doctor told Plaintiff that Plaintiff would be brought to the infirmary to have the

11   toenails removed.  Id.  Doe doctor scheduled Plaintiff for another doctor's appointment.

12   Id.  Although Doe doctor knew that Plaintiff was in pain, Doe doctor refused to order

13   Plaintiff any medication.  Id.  Doe doctor gave Plaintiff band aids for each toe.  Id.  Plaintiff

14   was in severe pain every time he had to put his shoes on to go somewhere.  Id.

15   Defendants refused to provide Plaintiff with proper medical care for 20 months.  Id.

16   On February 18, 2020, Plaintiff wrote a medical kite asking for a medical file review.

17   Id.  Prison officials granted his request on February 20, 2020.  Id.  Plaintiff wanted to get

18   all the licensed practical nurses, registered nurses, and doctors' names correct for this

19   lawsuit.  Id.  As of July 22, 2020, Plaintiff had not seen his medical file.  Id.  Plaintiff has

20   attached all the medical kites mentioned in his FAC to the FAC.  Id. at 6, 23-61.  Plaintiff

21   alleges Eighth Amendment violations.  Id. at 5.

22   The Eighth Amendment prohibits the imposition of cruel and unusual punishment

23   and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity,

24   and decency.'"  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the

25   Eighth Amendment when he acts with "deliberate indifference" to the serious medical

26   needs of an inmate.  Farmer v. Brennan, 511 U.S. 825, 828 (1994).  "To establish an

27   Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the

28   deprivation was serious enough to constitute cruel and unusual punishment—and a

4

1  subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th

2  Cir. 2012).

3      To establish the first prong, "the plaintiff must show a serious medical need by

4  demonstrating that failure to treat a prisoner's condition could result in further significant

5  injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091,

6  1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference

7  prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain

8  or possible medical need and (b) harm caused by the indifference." Id. "Indifference may

9  appear when prison officials deny, delay or intentionally interfere with medical treatment,

10  or it may be shown by the way in which prison physicians provide medical care." Id.

11  (internal quotations omitted).  When a prisoner alleges that delay of medical treatment

12  evinces deliberate indifference, the prisoner must show that the delay led to further injury.

13  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)

14  (holding that "mere delay of surgery, without more, is insufficient to state a claim of

15  deliberate medical indifference").

16      As an initial matter, the Court notes that it dismissed Plaintiff's original complaint

17  without prejudice with leave to amend because Plaintiff lumped all defendants together

18  and did not allege what each specific defendant did to violate his rights.  ECF No. 3 at 5.

19  The Court noted that, although it recognized the use of Doe pleading, Plaintiff could not

20  simply lump all defendants together as Does.  Id.

21      With respect to the FAC, the Court finds that Plaintiff again fails to state a colorable

22  Eighth Amendment claim but grants Plaintiff leave to amend.  Here, Plaintiff identifies six

23  named defendants and two Doe defendants in the caption of the FAC, yet Plaintiff does

24  not provide any allegations against these individuals in his FAC.  The Court notes that

25  Plaintiff does attach all his grievances to the FAC.  However, it is not the Court's job to go

26  through 39 pages of exhibits to determine who Plaintiff intends to sue.  The Court grants

27  Plaintiff leave to amend to use his exhibits to help him identify the individual defendants

28  that he seeks to sue in this case and to help him identify what they did to violate his rights.

1   The Court further notes that, upon amendment, Plaintiff should explicitly state when and
2   if Plaintiff received toenail removal surgery.  It is unclear to the Court whether Plaintiff had
3   his toenails removed in September 2018 but then did not receive pain medication after
4   the surgery.

5          Plaintiff is granted one final opportunity to cure the deficiencies of his original and
6   first amended complaints by filing a second amended complaint.  If Plaintiff chooses to
7   file a second amended complaint, he is advised that a second amended complaint
8   supersedes (replaces) the original and first amended complaints and, thus, the second
9   amended complaint must be complete in itself.  See Hal Roach Studios, Inc. v. Richard
10  Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party
11  was named in the original complaint is irrelevant; an amended pleading supersedes the
12  original"); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding
13  that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims
14  in a subsequent amended complaint to preserve them for appeal).  Plaintiff's second
15  amended complaint must contain all claims, defendants, and factual allegations that
16  Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff should file the second
17  amended complaint on this Court's approved prisoner civil rights form and it must be
18  entitled "Second Amended Complaint."

19         The Court notes that if Plaintiff chooses to file a second amended complaint curing
20  the deficiencies, as outlined in this order, Plaintiff will file the second amended complaint
21  within 30 days from the date of entry of this order.  If Plaintiff chooses not to file a second
22  amended complaint curing the stated deficiencies, the Court will dismiss this case with
23  prejudice for failure to state a claim.

24  **III.    CONCLUSION**

25         It is therefore ordered that the first application to proceed *in forma pauperis* (ECF
26  No. 1) is denied as moot.

27         It is further ordered that a decision on the second application to proceed *in forma
28  pauperis* (ECF No. 5) is deferred.

1    It is further ordered that the operative complaint is the FAC (ECF No. 6).

2    It is further ordered that the FAC (ECF No. 6) is dismissed in its entirety without

3    prejudice with leave to amend.

4    It is further ordered that, if Plaintiff chooses to file a second amended complaint

5    curing the deficiencies of his FAC, as outlined in this order, Plaintiff will file the second

6    amended complaint within 30 days from the date of entry of this order.

7    It is further ordered that the Clerk of the Court will send to Plaintiff the approved

8    form for filing a § 1983 complaint, instructions for the same, and a copy of his FAC (ECF

9    No. 6).   If Plaintiff chooses to file a second amended complaint, he should use the

10   approved form and he will write the words "Second Amended" above the words "Civil

11   Rights Complaint" in the caption.

12   It is further ordered that, if Plaintiff fails to file a second amended complaint curing

13   the deficiencies outlined in this order, the Court will dismiss this action with prejudice for

14   failure to state a claim.

15

16   DATED THIS 13th  day of April 2021.

17

18



19   RICHARD F. BOULWARE, II
     UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28